9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Manford D. METCALF, Petitioner.
 Misc. No. 384.
 United States Court of Appeals, Federal Circuit.
 Sept. 8, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Manford D. Metcalf petitions for a writ of mandamus to direct the Office of Personnel Management (OPM) to resume his annuity payments in full.
 
 
 2
 The following background is gleaned from Metcalf's submissions and concerns Metcalf's application for retirement benefits from OPM. OPM paid Metcalf his benefits for May 1993. Metcalf states that OPM then stopped or "otherwise offset petitioner's entire entitled annuity payments with neither notice nor reason." Apparently, OPM stopped the payments so that it could determine whether Metcalf's benefits should be offset or his former employing agency should remit monies in payment of Metcalf's debt or both. In his recently submitted "Amendments to the Petition," Metcalf states that he has now received an interim payment from OPM covering the period through July 30, 1993, but that this payment is $264.00 less than the first payment that Metcalf received in May.
 
 
 3
 Metcalf states that he sought relief at the Merit Systems Protection Board, but the Board "citing the Board's lack of jurisdiction denied petitioner's motion." It is unclear what Metcalf means because the Board apparently issued an initial decision a few days ago, after Metcalf filed his petition here.
 
 
 4
 A writ of mandamus is "an extraordinary remedy to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In Re United States, 877 F.2d 1568, 1571 (Fed.Cir.1989). The party seeking mandamus must show that its right to issuance of a writ is clear and indisputable. Gulfstream, 485 U.S. at 289.
 
 
 5
 In this instance, Metcalf has not shown that his right to issuance of a writ is "clear and indisputable." It appears that Metcalf has already received most of the relief he sought from OPM, i.e., continuation of interim payments. Nevertheless, Metcalf indicates that he is unsure whether OPM will continue the payments because OPM failed to timely provide the payments for the months of June and July. However, Metcalf's fear of future nonpayment without notice is speculative and is not sufficient to justify issuance of a writ.
 
 
 6
 Moreover, in light of the Board's recent initial decision, Metcalf, if adversely affected, may seek review with either the Board or with this court. A court of appeals should not engage in extraordinary review by mandamus "when it can exercise the same review by a contemporaneous ordinary appeal." Moses H. Cone Hospital v. Mercury Constr. Corp., 460 U.S. 1, 8 (1983).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Metcalf's petition for writ of mandamus is denied.